Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Ramón L. Figueroa Ortiz<br><br>Peticionario<br><br>vs.<br><br>Municipio de Jayuya<br><br>Recurrido | TA2025AP00051 | **APELACIÓN acogida como _Certiorari_** procedente del Tribunal de Primera Instancia, Sala Superior de Adjuntas<br><br>Caso Núm.: UTL1402024-01823<br><br>Sobre: Ley 140 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**RESOLUCION**

En San Juan, Puerto Rico, a 30 de junio de 2025.

Comparece el señor Ramón L. Figueroa Ortiz (en lo sucesivo, Sr. Figueroa Ortiz o peticionario), por derecho propio, y nos solicita la revocación de la "Resolución Interlocutoria" emitida el 17 de junio de 2025 por el Tribunal de Primera Instancia, Sala Superior de Utuado (en adelante, TPI o Foro Primario). Mediante dicho dictamen, el TPI declaró No Ha Lugar un petitorio de reinstalación de rebeldía a la parte recurrida.

Tras examinar la naturaleza y procedencia del caso de autos, el recurso de apelación presentado ante nuestra consideración será acogido como un recurso de _Certiorari,_ aunque conservará la clasificación alfanumérica asignada por la Secretaría de este Tribunal.

Luego de evaluar el recurso presentado por los peticionarios, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida y procedemos a resolver.

Véase, Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, denegamos la expedición del recurso por los fundamentos que expondremos a continuación

**I.**

El 6 de agosto de 2024, el peticionario presentó "Demanda" contra el Municipio de Jayuya (en lo sucesivo, Municipio o recurrido). En síntesis, la parte alegó que el Municipio ocasionó daños ecológicos mientras trabajada en una quebrada en el Barrio Mameyes de Jayuya, lo que afectó su salud y la de su familia.

Luego de varios trámites procesales que incluyeron diversos incidentes relacionados al emplazamiento del recurrido, el TPI, *motu proprio,* anotó la rebeldía del Municipio mediante "Resolución y Orden" emitida el 10 de junio de 2025. Razonó el Foro Primario que procedía la celebración del juicio sin la comparecencia del Municipio, toda vez que éste no presentó alegación responsiva dentro del término provisto por la Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 10.

El 11 de junio de 2025, el Municipio presentó una "Moción Solicitando se Levante Anotación de Rebeldía". Adujo que la representación legal del Municipio nunca recibió copia de la demanda y emplazamiento de forma oportuna. Añadió que la aceptación de su comparecencia no afectaría el trámite judicial ni resultaría oneroso para el Sr. Figueroa Ortiz. En apoyo de su postura, el recurrido presentó su "Contestación a la Demanda" ese mismo día.

En respuesta, el Foro Primario emitió el 11 de junio de 2025 una "Resolución Interlocutoria" mediante la cual dejó sin efecto la anotación de rebeldía y en consecuencia, canceló el señalamiento de juicio calendarizado para el 3 de septiembre de 2025.

En desacuerdo con lo dictaminado por el Foro Primario, el 17 de junio de 2025, el peticionario presentó una "Moción por Derecho Propio" en la cual peticionó al TPI que reinstalara la rebeldía que le fue levanta a la parte recurrida. La referida moción fue declarada No Ha Lugar mediante "Resolución Interlocutoria" emitida y notificada el 17 de junio de 2025. Inconforme con el dictamen, el 18 de junio de 2025 el peticionario presentó una "Moción de Reconsideración" la cual fue declarada sin lugar mediante "Resolución Interlocutoria" emitida y notificada el 18 de junio de 2025.

Insatisfecho aun, el apelante recurre ante este foro apelativo intermedio, y nos señala la comisión del siguiente error:

> *El Tribunal de Primera Instancia cometió un error al acoger la moción del demandado sin requerir prueba contundente sin* [sic] *y al ignorar el historial procesal de esta parte con el demandado. Lo que constituye un abuso de discreción revisable por este Honorable Tribunal de Apelaciones.*

## II.

El recurso de *Certiorari* es el mecanismo procesal utilizado para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone que, como norma general, dicho recurso solo será expedido por este Tribunal de Apelaciones en dos instancias, a saber: (1) cuando se recurra de una resolución u orden bajo las Reglas 56 y 57; o (2) cuando se recurra de la denegatoria de una moción de carácter dispositivo.

No obstante lo anterior, y a modo de excepción, este foro apelativo podrá revisar determinaciones interlocutorias dictadas por el foro primario cuando se recurra de: (1) decisiones sobre la admisibilidad de testigos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia; y (5) en casos que revistan interés público

o en aquellas situaciones en que esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

Nuestro Alto Foro ha expresado que el auto de *Certiorari* es un vehículo procesal extraordinario de carácter discrecional. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Ahora bien, aun cuando la expedición de este recurso recae dentro de la discreción de este Foro, lo cierto es que, al atender el recurso no debemos "hacer abstracción del resto del Derecho". *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019). Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, imparte que esta segunda instancia judicial considerará los siguientes criterios al determinar si procede o no la expedición de un auto de *Certiorari*:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

**B.**

La rebeldía es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 587 (2011). El mecanismo de la rebeldía se utiliza como disuasivo al empleo de la dilación como estrategia de

litigación. *Íd.* Funciona como "remedio coercitivo" contra una parte que, por pasividad o temeridad, opta por no hacer uso de la oportunidad de refutar la reclamación en su contra. *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 101 (2002). Se le anotará la rebeldía no solo a la parte que deje de presentar alegaciones o de defenderse, sino también como sanción para aquella parte que incumpla con una orden del Tribunal. Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R.45.1; *Rivera Figueroa v. Joe's European Shop, supra*, a la pág. 588.

La anotación de rebeldía conlleva la consecuencia jurídica de que se admitirán "como ciertas todas y cada uno de los hechos *correctamente* alegados". *Ocasio v. Kelly Servs.*, 163 DPR 653, 671 (2005). Esto es que, se dan por admitidas "las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2 (b)". Regla 45.1 de Procedimiento Civil, *supra*. La parte en rebeldía tampoco podrá presentar prueba para controvertir las alegaciones ni podrá presentar defensas afirmativas. *Rodríguez v. Tribunal Superior*, 102 DPR 290, 294 (1974).

Para anotarle la rebeldía a una parte, deberán satisfacerse los requisitos de la Regla 45.1 de Procedimiento Civil, *supra*, que son: que la parte haya dejado de presentar alegaciones o de defenderse en el término provisto, y que ello se pruebe "mediante una declaración jurada o de otro modo". *Rivera Figueroa v. Joe's European Shop, supra*, a la pág. 589. Aun así, hay ciertas circunstancias en las que tal anotación no procede "y la parte reclama con éxito el que ésta se levante". *Íd.* La anotación de rebeldía a una parte, como sanción por incumplir con una orden del tribunal, "siempre se debe dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción". *Íd.*, a la pág. 590.

Según lo establece la Regla 45.3 de Procedimiento Civil, 32 LPRA, Ap. V, R. 45.3, el Tribunal puede dejar sin efecto una anotación de rebeldía si existe una causa justificada, así como podrá dejar sin efecto una sentencia en rebeldía a tenor de lo dispuesto en la Regla 49.2 de Procedimiento Civil, 32 LPRA, Ap. V, R. 49.2. Al respecto, abundó nuestro más Alto Foro: "[n]ótese entonces, que mientras en la Regla 45.1 de Procedimiento Civil, *supra*, los requisitos a cumplirse para la anotación de una rebeldía -y lógicamente para que se levante tal anotación ante un incumplimiento- son los que se expresan en la propia regla, en la Regla 45.3 de Procedimiento Civil, *supra*, el 'dejar sin efecto' tal anotación dependerá de la existencia de justa causa". *Rivera Figueroa v. Joe's European Shop, supra*, a la pág. 592. Ahora bien, aun cuando la facultad para dejar sin efecto una anotación de rebeldía está enmarcada en la existencia de justa causa, a tenor de los parámetros expuestos en *Neptune Packing Corp. v. Wakenhut Corp.*, 120 DPR 283, 293 (1988) y en *Díaz v. Tribunal Superior*, 93 DPR 79, 87 (1966), "**esta regla se debe interpretar de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía**". *Íd.* (énfasis nuestro).

### III.

A la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*, no encontramos criterio alguno que nos mueva a expedir el recurso discrecional presentado por la parte peticionaria. Nada en el expediente demuestra que el foro recurrido haya actuado con prejuicio, parcialidad, abuso de discreción o error manifiesto, por lo que el dictamen recurrido merece nuestra deferencia. En consecuencia, denegamos expedir el recurso solicitado, debido a que no cumple con ninguno de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra.*

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte del presente dictamen, denegamos la expedición del auto de *Certiorari* solicitado por el Sr. Ramon L. Figueroa Ortiz.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones